107 F.3d 923
 323 U.S.App.D.C. 290
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Keith Lamont DUNN, Appellant.
 No. 96-3007.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 25, 1996.
 
 Before SILBERMAN, GINSBURG, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of counsel. The court is satisfied that appropriate disposition of this case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 The appellant brings this appeal to challenge his convictions for unlawful distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and for unlawful use of a communications facility in violation of 21 U.S.C. § 843(b). The appellant contends that the district court erred when it denied his motion for sanctions against the Government for failing to produce until after trial surveillance notes taken by a DEA agent named Engram, and for failing to produce surveillance notes that other agents allegedly took. The appellant claims that the Government's failure to produce these statements violated the Jencks Act, 18 U.S.C. § 3500.
 
 
 3
 Even if the surveillance notes taken by Agent Engram are "statements" within the meaning of the Jencks Act, the Government's failure to produce them in a timely manner was harmless error. Although the Government did produce Engram's notes after the trial, the appellant has not provided us with a copy of them. Nor does the appellant give this court any indication of how he would have used these notes to impeach Agent Engram. In these circumstances, reversal of the appellant's convictions is not justified and the imposition of sanctions is unwarranted. See United States v. Thomas, No. 95-3023, slip op. at 6-7 (October 18, 1996) (refusing to reverse appellant's conviction for alleged Jencks Act violations where court was not provided with copies of missing reports and appellant failed to explain how notes would have assisted appellant's defense).
 
 
 4
 Nor did the district court err in refusing to sanction the Government for failing to produce surveillance notes other agents allegedly took. The district court reasonably concluded that those notes never existed.
 
 Therefore, it is
 
 5
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be AFFIRMED.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.